**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**TERRI A. BAILEY,**

        **Plaintiff,**

**v.**                                     **CIVIL ACTION NO.** <u>5:11-0715</u>

**SLM CORPORATION,
a Delaware Corporation,
SALLIE MAE, INC.,
A Delaware Corporation,**

        **Defendants.**

<u>**NOTICE OF REMOVAL**</u>

       Defendant Sallie Mae, Inc. ("Sallie Mae"), by counsel, submits the following Notice of Removal based on federal question and diversity jurisdiction.  In support of this removal, Sallie Mae states as follows:

       1.      On or about August 24, 2011, Terri A. Bailey ("Plaintiff") commenced this civil action by filing a complaint in the Circuit Court of Raleigh County, West Virginia, styled <u>Terri A. Bailey v. SLM Corporation, et al.</u>, Civil Action No. 11-C-781-H ("Civil Action").

       2.      Copies of the Summons and Complaint in the Civil Action were served on the West Virginia Secretary of State for both Sallie Mae and SLM Corporation ("SLM") on September 7, 2011.

       3.      Removal is timely pursuant to 28 U.S.C. § 1446(b), as this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by the West Virginia Secretary of State.

       4.      Generally, all defendants in an action must consent to removal.  <u>See</u> Mullins v. Hinkle, 953 F. Supp 744, 749; <u>see also</u> <u>Baldwin v. Perdue, Inc.</u>, 451 F. Supp. 373 (E.D. Va. 1978); <u>Lapoint v. Mid-Atlantic Settlement Services, Inc.</u>, 256 F. Supp. 2d 1 (D.D.C. 2003); <u>John</u>

Hancock Mut. Life Ins. Co. v. United Office & Prof'l Workers of Am., 93 F. Supp. 296 (D.C.N.J. 1950).

5.      SLM's consent to removal is attached as Exhibit A.

**A. Federal Question Jurisdiction**

6.      This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1331 and the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441.  This Court has original jurisdiction under 28 U.S.C. § 1331, federal question, under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA")

7.      In Count 1 of the Complaint, Plaintiffs assert that Defendants have "willfully" violated the TCPA and seeks strict liability for the alleged violations.  (Compl. ¶¶ 15-18.)

8.      Federal question jurisdiction exists when the action asserts a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

9.      Sallie Mae recognizes that the United States Court of Appeals for the Fourth Circuit years ago reached the "somewhat unusual conclusion" that 47 U.S.C. §227(b)(3), which creates a private right of action for certain alleged violations of the TPCA, does not permit removal under 28 U.S.C. § 1331.  Int'l Science & Tech. Inst. v. Inacom Commc'ns., 106 F.3d 1146, 1150 (4th Cir. 1997).  Sallie Mae also recognizes that this Court has recently adopted the Fourth Circuit approach.  See Belcher v. Kohl's Dept. Store, Civil Action No. 5:11–cv–00326, 2011 WL 3844206 (S.D.W. Va. Aug. 30, 2011).

10.     Nonetheless, United States Supreme Court authority calls the Fourth Circuit's conclusion in International Science into question.  Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005).  There, the United States Court of Appeals for the Seventh Circuit held that two subsequent Supreme Court decisions, Grable & Sons Metal Prods. v. Darue Eng'g &

Mfg., 545 U.S. 308 (2005) and Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003),

were irreconcilable with International Science and Technology Institute, Inc. and other similar

cases.  Specifically, the Brill court stated that:

> Grable resolved a conflict in the Supreme Court's own decisions by holding that
> federal jurisdiction does not depend on the existence of a private right of action
> under federal law.  And Breuer held that statutory permission to litigate a federal
> claim in state court does not foreclose removal under the federal-question
> jurisdiction.

Brill, 427 F.3d at 450; see also Charvat v. Echostar Satellite, LLC, 630 F.3d 459, 463-65 (6th

Cir. 2010) (federal question jurisdiction for TCPA claims is appropriate under decisions in

Grable and Breuer); Holster v. BNA Subsidiaries, LLC, 2010 U.S. Dist. LEXIS 21124, 1-3

(D.N.H. 2010) (acknowledging the split of authority among the courts of appeals relating to

federal question jurisdiction under the TCPA and finding the Seventh Circuit's decision in Brill

to be persuasive authority for finding federal question jurisdiction; specifically stating that "A

claim arising under federal law is a claim over which federal courts have subject matter

jurisdiction, unless Congress has explicitly stripped that jurisdiction.  Congress has not expressly

stripped the federal courts of federal question jurisdiction over TCPA claims, and the statute's

reference to state jurisdiction over such claims is a reference to concurrent, not exclusive,

jurisdiction.")

11.    Therefore, this Court has federal question jurisdiction over Count 1.

**B.    Federal Diversity Jurisdiction**

12.    This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. §

1332 and the Civil Action may be removed to this Court pursuant to 28 U.S.C. § 1441.  This

Court has original jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship, in that the

matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

13.     Defendant Sallie Mae is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in the Commonwealth of Virginia.

14.     Defendant SLM is incorporated under the laws of the State of Delaware and has its principle place of business in the State of Delaware.

15.     Plaintiff alleges that she resides in the State of West Virginia.  (Compl. ¶ 1.)

16.     Therefore, there is diversity of citizenship.

17.     Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interests and costs.   To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.00.  McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001); Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005); Virden v. Altria Group, Inc., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004).

18.     Plaintiff's Complaint does not specify the amount of actual damages that Plaintiff seeks.  However, Sallie Mae does not need to rely on these unspecified actual damages to show that the $75,000 amount in controversy threshold is met.

19.     The $75,000 amount in controversy threshold is met in this Civil Action because the statutory penalties requested in the Complaint, combined with the statutorily-allowed attorney's fees, in addition to the declaratory relief sought, any actual damages that Plaintiff may prove, and any punitive damages that the Court may award, exceed the minimum amount required for removal based on 28 U.S.C. § 1332.

20.     Although almost entirely devoid of fact, and contains no demand for a specific sum of damages, Plaintiff's Complaint alleges she was irreparably damaged because the Defendants impermissibly contacted Plaintiff via telephone after allegedly receiving notice that Plaintiff revoked consent to such claimed communications.  (Compl. ¶¶ 8-14.)  Plaintiff alleges that these actions violate the TCPA and the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 et seq. ("WVCCPA"), and appears to be seeking a statutory penalty for each violation.[1]  (Compl. at demand for relief.)

21.     The WVCCPA permits recovery of $100 to $1,000 per violation.  W. Va. Code § 46A-5-101(4).  This amount may be increased to account for inflation "in an amount equal to the Consumer Price Index" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor."  W. Va. Code § 46A-5-106.

22.     The CPI for September 1974 was 50.6 and the CPI for August 2011, the last month published, was 226.545.   (U.S. Dept. of Labor Consumer Price Index, ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt, last visited Oct. 5, 2011.)   Adjusting the maximum violation of $1,000 for inflation based on the Department of Labor's Consumer Price Index, the current maximum penalty for a violation is $4,477.17 ((226.545/50.6)*1000)).

23.     Accordingly, the number of alleged violations needed to exceed the $75,000 amount in controversy requirement is fifteen ($4,477.17*17 = $76,111.89).

24.     Plaintiff's Complaint alleges 72 calls occurred after Defendants were informed to cease calling Plaintiff and that each of those calls violated the statutes at issue.  (Compl. ¶¶ 8-10.)

---

[1] Sallie Mae disagrees that Plaintiffs are entitled to a penalty for each violation.  Sallie Mae will brief the issue when it is ripe.

25.     In addition to the statutory penalties above under the WVCCPA, Plaintiff has also sought statutory penalties for claimed violations of the TCPA, actual damages, punitive damages, attorney's fees, and costs.   Although the amount of these damages are currently unknown, any amount of additional damages that Plaintiff potentially can recover would be added to the statutory penalties and would cause the amount in controversy in this Civil Action to further exceed the statutory minimum required for removal.

26.     Plaintiff has attached a stipulation to her Complaint in an attempt to defeat diversity jurisdiction.   However, Plaintiff's stipulation is improper.   For a stipulation to be truly binding, this Court has set forth precise and exacting rules that must be complied with.

> The better rule requires a *formal*, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery.   The stipulation should be filed contemporaneously with the *complaint, which also should contain the sum-certain prayer for relief.*

McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485-86 (S.D.W. Va., 2001) (emphasis added) (citations omitted).   "Formal" means signed and notarized, according to Taylor v. Capital One Bank (USA), N.A., No. 5:09-cv-00576, 2010 WL 424654 (S.D.W. Va.) and Hatcher v. Vanderbilt Mortgage and Finance, Inc., No. 2:10-cv-00677, 2010 WL 2330392 (S.D.W. Va.).

27.     In this case, Plaintiff's stipulation fails to prevent removal because the complaint does not contain a sum-certain prayer for relief.   Thus, the requirements of McCoy are not met and Sallie Mae may remove the case.

28.     In sum, the total jurisdictional amount in controversy is met by this case.   The statutory penalties alone are, more likely than not, enough to satisfy the $75,000 threshold for removal.   In addition to these penalties, the statutorily allowed attorney's fees, actual and punitive damages, and costs of the equitable relief sought by Plaintiff further ensure that the

amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) has been satisfied.

29.     Accordingly, this Court has diversity jurisdiction over this Civil Action because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

30.     This Court is the District Court embracing Raleigh County, where the Civil Action is currently pending.  L.R. Civ. P. 77.02.

31.     A certified copy of the docket sheet and copies of the Complaint and Summonses are attached, as Exhibit B, and constitute the only process, pleadings, or orders that have been filed in this action.

32.     True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of Raleigh County, West Virginia, are being served upon Plaintiff's counsel and filed with the Clerk of that court, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE,** defendant Sallie Mae, Inc. files this Notice of Removal so that the entire state-court action under Civil Action No. 11-C-781-H now pending in the Circuit Court of Raleigh County, West Virginia, shall be removed to this Court for all further proceedings.

**SALLIE MAE, INC.**

**By Spilman Thomas & Battle, PLLC**

/s/ Bruce M. Jacobs
Bruce M. Jacobs (WV Bar No. 6663)
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV  25321-0273
304.340.3800/ 304.340.3801 (*facsimile*)
bjacobs@spilmanlaw.com
abeblo@spilmanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**TERRI A. BAILEY,**

      **Plaintiff,**

**v.**                                    **CIVIL ACTION NO.**  _____

**SLM CORPORATION,**
**a Delaware Corporation,**
**SALLIE MAE, INC.,**
**A Delaware Corporation,**

      **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

I, Bruce M. Jacobs, hereby certify that on September 7, 2011, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Paul W. Roop, II
Roop Law Office, L.C.
P.O. Box 1145
Beckley, WV 25801
***Counsel for Plaintiff***

                                     /s/ Bruce M. Jacobs_____
                                     Bruce M. Jacobs (WV Bar No. 6663)