IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TERRIE A. BAILEY,

          Plaintiff,

v.                          CIVIL ACTION NO. 5:11-cv-00715

SLM CORPORATION and
SALLIE MAE, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's *Motion to Remand* (Document 8). Upon consideration of the motion, the memoranda in support thereof (Document 9) and in opposition thereto (Document 15), the Court denies, in part, the motion.

*I.   BACKGROUND*

The dispute in this action involves debt collection and the use of an automatic telephone dialing system. Plaintiff, Terrie A. Bailey, a resident of Beaver, West Virginia, alleges that Defendants SLM Corporation and Sallie Mae, Inc., Delaware Corporations with their principal place of business in Reston, Virginia, extend student loans to persons seeking higher education and are debt collectors as defined by the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (Notice of Removal, Ex. A, Complaint (Document 1-1), ¶¶ 1-5). Plaintiff alleges that Defendants called her repeatedly on June 24, 2011, by "utilizing an 'automatic telephone

1

dialing system' or 'artificial or prerecorded voice.'" (Compl. ¶8.) On that day, she "expressly revoked any permission which Defendant might have had to place calls to [her] cellular telephone." (*Id*.) However, from June 24, 2010, through September 22, 2010, Defendant placed not less than seventy-two (72) calls to her cellular phone using "an 'automatic telephone dialing system' or 'artificial or prerecorded voice.'"[1] (*Id*. ¶9.) Plaintiff alleges that Defendants "placed other calls to [her]" after September 22, 2010, until the date she filed her Complaint. (*Id*. ¶10.) Plaintiff alleges that she did not expressly authorize Defendants to make calls to her using the aforementioned technology, that Defendants were aware that initiation of such calls to her cellular phone would cause her to incur charges, and that Defendants placed the calls "with the intent to annoy, harass and threaten her." (*Id*. ¶¶11-13.) Plaintiff contends that she "has been annoyed, aggravated, harangued and otherwise damaged." (*Id*. ¶14.)

Plaintiff asserts three causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (2) violation of the WVCCPA and (3) violation of W. Va. Code §61-3C-14a. She seeks judgment against the Defendants for actual damages, statutory damages on Counts 1 and II, actual damages and punitive damages on Counts III, as well as, reasonable attorney's fees and costs. Plaintiff contemporaneously filed a notarized stipulation signed by both her and her attorney which provided that:

> Plaintiff and attorney for Plaintiff agree to be bound by the following stipulation: The Plaintiff shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs.

(Notice of Removal, Ex. A, Stipulation of Plaintiff and Attorney for Plaintiff (Document 1-1).

---

1  The Court observes that Plaintiff's allegations include conduct occurring both on June 24, 2010 and June 24, 2011.

On October 7, 2011, Defendant Sallie Mae, Inc., timely removed this matter to this Court from the Raleigh County Circuit Court in Beckley, West Virginia, by alleging that this Court has both federal question and diversity jurisdiction over the instant case. (Notice of Removal, (Document 1)). SLM Corporation consented in the removal. (Notice of Removal, Ex. B, Consent to Removal (Document 1-2)). Thereafter, Plaintiff filed the instant motion to remand, to which Defendant has asserted opposition (Document 15). To date, Plaintiff has not filed a reply.[2]

## II. APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[3] Article III of the United States Constitution provides, in pertinent part, that "the judicial Power shall extend to Cases . . . arising under . . . the Laws of the United States . . . ; [and] to Controversies . . . between Citizens of different States." Congress has authorized the federal courts to exercise federal question jurisdiction over "all civil actions arising under the . . . laws . . . of the United States" and diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[2] On November 7, 2011, Defendants also filed a motion to dismiss this proceeding and compel arbitration, or in the alternative, to stay this proceeding pending arbitration (Document 10) and a motion to stay pending a ruling on their motion to compel arbitration (Document 12). The next day, this Court granted in part the latter motion and stayed this case pending resolution of the Plaintiff's Motion to Remand. (Order (Document 14)). All dates and deadlines set forth in the Court's October 12, 2011 Order and Notice were suspended. (*Id.*)

[3] Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

3

interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. §§ 1331, 1332(a)(1).

The procedure for removal is addressed in 28 U.S.C. § 1446(b). Section 1446 requires a defendant to file a notice of removal within thirty (30) days after receipt of the initial pleading. It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, Defendants have the burden to show the existence of diversity or federal question jurisdiction by a preponderance of the evidence.[4] *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001)). A defendant must furnish evidence in support of the statutory jurisdictional amount. "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden." *White*, 2009 WL 2762060 at *2. A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999).

---

4  The parties do not dispute that diversity of citizenship exists in this matter. Additionally, Plaintiff does not challenge that her claims satisfy the jurisdictional amount-in-controversy requirement, absent her stipulation.

*III.     DISCUSSION*

Plaintiff moves to remand this matter to the Circuit Court of Raleigh County, West Virginia. Plaintiff asserts remand is appropriate because: (1) federal question jurisdiction is not implicated by her Telephone Consumer Protection Act claim, as this Court found in *Belcher v. Kohl's Dept. Store*, Civil Action No.5:11-cv-0326, 2011 WL 3844206 (S.D. W. Va. Aug. 30, 2011) and (2) her stipulation, limiting her recovery to an amount below this Court's diversity jurisdiction, is binding and effective. Alternatively, if this Court finds that Defendant's removal is proper, Plaintiff requests that this Court find that her stipulation is ineffective and permit her leave to withdraw it.

In opposition, Defendants argue that this Court has jurisdiction over this matter based both upon federal question and diversity jurisdiction. With respect to the former, Defendants contend that Plaintiff's TCPA can properly be removed to this Court, notwithstanding this Court's decision in *Belcher* and Fourth Circuit precedent which indicate that state courts have exclusive jurisdiction over private TCPA claims. Defendants urge the Court to consider the United States Supreme Court's decisions in *Grable* and *Breuer*, which it contends casts doubt on the Fourth Circuit's decision in *International Science*. (Defendants Sallie Mae, Inc.'s and SLM Corporation's Response in Opposition to Plaintiff's Motion to Remand ("Defs.' Opp'n") (Document 15) at 3) (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003); *Int'l Science & Tech. Inst. v. Inacom Commc'ns Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997)). Defendants argue that the TCPA contains no reference regarding the removal of such claims, or even an express prohibition against removing TCPA claims from the state court. Defendants also assert that a case pending before the United States Supreme Court, *Mims v. Arrow Fin. Serv., LLC*, will address the very issue in this case--whether there is federal question jurisdiction under the TCPA for purposes of removal of

private right of actions--and that this Court should hold its consideration of the issue in abeyance until a decision has been made in that case. (*Mims v. Arrow Fin. Serv. LLC*, 2010 WL 4840430 (11th Cir. Nov. 20, 2010), *cert*. granted, No. 10-1195 (U.S. Jun. 27, 2011).[5]  Finally, Defendants contend that this Court has diversity jurisdiction over this case despite Plaintiff's Stipulation limiting her recovery to $74,999 because her complaint failed to contain a sum-certain prayer for relief.

*A. Federal Question Jurisdiction Exists*

In count one of her Complaint, Plaintiff alleges that Defendants willfully or knowingly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, "by placing calls to her cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without . . . [her] express permission" or "after . . . [she] revoked any permission of the Defendant to place such calls." (Compl. ¶¶ 16-18.)  Congress enacted the TCPA in 1991 as an amendment to the Communications Act of 1934, 47 U.S.C. § 201 *et seq*.  The Amendment was legislated to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers." (S.Rep. No. 102-178, at 1, reprinted in 1991 U.S.C.C.A.N. 1968; *International Science*, 106 F.3d at 1150).  The TCPA provides, in relevant part, that

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

---

5  On February 2, 2012, Defendants provided notice to the Court of the Supreme Court's decision in *Mims* and contend that federal question jurisdiction exists under the TCPA.  (*See* Notice of Decision / Supplemental Authority in Support of Defendants Sallie Mae, Inc.'s and SLM Corporation's Response in Opposition to Plaintiff's Motion to Remand ("Notice of Decision") (Document 16)).

> automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service . . . or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). The Act creates a private right of action to enjoin such conduct and to recover actual monetary damages or $500 for each violation, whichever is greater. 47 U.S.C.§ 227(b)(3)(A)-(C). Courts are given discretion to award an amount equal to not more than $1500 for each violation, if the court finds that the defendant willfully or knowingly violated subsection (b). 47 U.S.C.§ 227(b)(3).

Plaintiff asserts that Defendants' removal of this case is improper because this Court has already found in *Belcher* that there is no federal question jurisdiction over a private TCPA and that such a claim is appropriately brought in state court, as contemplated by the statute. In *Belcher*, Plaintiff asserted a TCPA claim substantially similar to the case at bar. There, this Court relied upon the precedent of the Fourth Circuit Court of Appeals in *International Science*, wherein the Court of Appeals concluded that Congress authorized jurisdiction over private actions in state court without mentioning federal courts and that it did not intend to grant jurisdiction over private TCPA actions in federal courts. *Int'l Science & Tech. Inst. v. Inacom Commc'ns Inc.*, 106 F.3d 1146, 1158 (4th Cir. 1997) (In considering a claim pursuant to 47 U.S.C. § 227(b)(3), concerning unsolicited fax advertising, court also concluded that "jurisdiction of the United States district courts over private TCPA actions may not be premised on the general federal-question jurisdiction conferred by 28 U.S.C. § 1331.") In support of its conclusion in *Belcher*, this Court noted that five other circuit courts were in agreement with the Fourth Circuit's decision in *International Science,* including the Eleventh Circuit Court of Appeals in *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11ths Cir. 1998).

7

On January 18, 2012, the United States Supreme Court issued its decision in *Mims* and found, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive this Court of federal-question jurisdiction over private rights of action. *Mims v. Arrow Fin. Servs., LLC*, --- U.S. --, 132 S.Ct. 740, 2012 WL 125429 (U.S. Jan. 18, 2012). In *Mims*, a case akin to the instant matter, a Florida resident alleged that a debt collector repeatedly used an automatic telephone dialing system or prerecorded voice to call his cellular phone, without his consent. Mims initiated his action in the United States District Court for the Southern District of Florida. The district court, relying on *Nicholson*, dismissed his complaint for want of subject matter jurisdiction finding that federal question jurisdiction under 28 U.S.C. § 1331 was unavailable to his private TCPA claim. The Eleventh Circuit affirmed the decision. However, the Supreme Court reversed that ruling by finding that "Congress did not deprive federal courts of federal-question jurisdiction over TCPA claims." (*Id*. at 746.) The Court reasoned that "[b]ecause federal law creates the right of action and provides the rules of decision, Mims's TCPA claim, in 28 U.S.C.§ 1331's words, plainly 'aris[es] under' the laws . . . of the United States.'" (*Id*. at 748.) The Supreme Court found "no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts [, pursuant to 47 U.S.C. § 277(b)(3), as] any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875." (*Id*. at 745.) The Supreme Court concluded that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." (*Id*.) This decision*, inter alia,* abrogated the holdings in *International Science* and *Nicholson*.

Therefore, upon consideration of the holding in *Mims*, this Court finds that Defendants' removal is proper, in its invocation of federal question jurisdiction, pursuant to 28 USC §1331, over Plaintiff's TCPA clam. Inasmuch as this Court finds that it has federal-question jurisdiction

8

over Plaintiff's TCPA claim, this Court need not consider the parties' arguments concerning diversity jurisdiction. Additionally, this Court also finds that it has supplemental jurisdiction over the remainder of Plaintiff's state claims, pursuant to 28 U.S.C. § 1367(a).[6]

### B. *Plaintiff is Permitted to Withdraw Her Stipulation*

The remaining issue for this Court to consider is whether Plaintiff should be permitted to withdraw her stipulation limiting her recovery to an amount less than $75,000. Plaintiff has requested that she be permitted to do so, if this Court finds Defendants' removal is proper. Defendants argue that Plaintiff is "engag[ing] in jurisdictional gamesmanship" by first contending that her Stipulation is effective to defeat diversity jurisdiction, but then contending that it should be found ineffective because a sum-certain prayer for relief is missing from her complaint, if removal is found to be proper. Defendants argue that Plaintiff's "blatant jurisdictional manipulation" (Defs.' Opp'n. at 7) should not be permitted and that she "conflates the effect of the stipulation for purposes of removal with the purposes for limiting damages." (*Id*. at 7, n.3).

There is no dispute that in this district a plaintiff may attempt to defeat diversity jurisdiction in this Court by entering into a unilateral binding stipulation limiting its recovery to an amount lower than the jurisdictional requirement provided for by 28 U.S.C. § 1332. In *McCoy*, the court sanctioned use of " a formal, truly binding, pre-removal stipulation signed by counsel and his client [that] explicitly limit[s] recovery." *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 485 (S.D. W. Va. 2001) (Haden, J.). The court further explained that "[t]he stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for

---

6  Pursuant to 28 U.S.C. § 1367, district courts have the discretion to exercise supplemental jurisdiction over "all other claims that are so related to [the] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (28 U.S.C. 1367(a)).

9

relief." (*Id*. at 486.)   The Court has reviewed Plaintiff's Complaint and her stipulation and finds, as Defendants contend, that Plaintiff failed to include a sum-certain prayer of relief in her complaint. (Notice of Removal (Document 1) at 6) ("Plaintiff's stipulation fails to prevent removal because the complaint does not contain a sum-certain prayer for relief.   Thus, the requirements of *McCoy* are not met[.]").   In light of this omission, Plaintiff's stipulation does not conform to the standard discussed in *McCoy* and would not be effective to defeat diversity jurisdiction. Given the allegations in this case and the applicable law, the Court has found it unnecessary to address Plaintiff's stipulation to determine the jurisdictional issue. However, complete candor by all parties would reveal that the only purpose of the stipulation was to comply with the requirements of *McCoy* in an effort to defeat federal jurisdiction. Inasmuch as this Court has not addressed or relied upon this unilateral stipulation in its analysis of jurisdiction, the Court finds that Plaintiff, under the facts of this case, should be permitted to withdraw the same.

### *IV. CONCLUSION*

Plaintiff's alleged causes of actions include a violation of the TCPA.   As a result of the decision in *Mims*, this Court has concurrent jurisdiction with the state court for such claims. Defendant properly removed Plaintiff's claim by invoking this Court's federal question jurisdiction.   Therefore, based on the findings stated herein, the Court does hereby **ORDER** that Plaintiff's Motion to Remand be **DENIED** and that her alternative request, to be permitted to withdraw her Stipulation, be **GRANTED**.

Additionally, on November 8, 2011, this Court stayed this case and suspended dates and deadlines until the Court resolved the instant motion.  The Court **ORDERS** that said stay be **LIFTED**.

The Defendants Allie Mae, Inc., and SLM Corporation's Motion to Stay Pending a Ruling on Their Motion to Compel Arbitration (Document 12) is still pending. A separate order will be issued forthwith to establish further dates and deadlines with respect to the motion to dismiss and compel arbitration (Document 10) and the motion to stay pending a ruling on the motion to compel arbitration (Document 12).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 7, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA